31207S:RG:gv

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
CALENDAR: F
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| MARTHA ESPINOZA, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | |
| ) | Amount: In excess of Fifty Thousand |
| ) | Dollars ($50,000.00) plus cost of this suit |
| TARGET CORPORATION, a domestic ) | |
| corporation, and TARGET STORE #2087, a ) | |
| domestic corporation; ) | |
| ) | |
| ) | |
| Defendants. ) | Return Date: |

## COMPLAINT

NOW COMES the Plaintiff, MARTHA ESPINOZA, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, TARGET CORPORATION, a domestic corporation, and TARGET STORE #2087, a domestic corporation, states as follows:

### COUNT I – MARTHA ESPINOZA v. TARGET CORPORATION

1. That on or about July 28, 2015 and at all relevant times herein, the Defendant, TARGET CORPORATION, was a domestic corporation, organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and/or control a certain premise, located at or near 4120 W. 95th Street, Oak Lawn, Illinois 60453.

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said business was, in fact, used

1


EXHIBIT A

by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, MARTHA ESPINOZA to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned and/or managed by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 2 of 7

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, TARGET CORPORATION, to wit: negligently designed, secured, safeguarded, and /or supervised escalator allowing accessibility to a shopping cart which fell and struck plaintiff, causing injury.

8. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the

2

Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, MARTHA ESPINOZA, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, TARGET CORPORATION, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

(b) failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises in an open, defective condition for an unreasonable length of time;

(e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

(f) failed to warn plaintiff of the aforesaid unreasonable dangerous condition of said premises.

14. As a direct and proximate result of one or more of the aforesaid acts and/or

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 3 of 7

3

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 4 of 7

omissions of the Defendant, TARGET CORPORATION, Plaintiff, MARTHA ESPINOZA, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, MARTHA ESPINOZA, demands judgment against the Defendant, TARGET CORPORATION, a domestic corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT II – MARTHA ESPINOZA v. TARGET STORE #2087

1. That on or about July 28, 2015 and at all relevant times herein, the Defendant, TARGET #2087, was a domestic corporation, organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and/or control a certain premise, located at or near 4120 W. 95th Street, Oak Lawn, Illinois 60453.

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, MARTHA ESPINOZA to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned and/or managed by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and

4

place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, TARGET #2087, to wit: negligently designed, secured, safeguarded, and /or supervised escalator allowing accessibility to a shopping cart which fell and struck plaintiff, causing injury.

8. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, MARTHA ESPINOZA, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 5 of 7

5

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 6 of 7

parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, TARGET #2087, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

- (a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

- (b) negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

- (c) failed to adequately maintain said Premises;

- (d) maintained said Premises in an open, defective condition for an unreasonable length of time;

- (e) failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at aid Premises;

- (f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, TARGET STORE #2087, Plaintiff, MARTHA ESPINOZA, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, MARTHA ESPINOZA, demands judgment against the Defendant, TARGET STORE #2087, a domestic corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

_____
Attorney for Plaintiff

THE VRDOLYAK LAW GROUP, LLC
By: Raquel Gross
Attorney for Plaintiff
741 N. Dearborn Street
Chicago, IL 60654
312-482-8200

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit (does)/does not exceed Fifty Thousand Dollars ($50,000.00)

X *Martha E. Espinoza*

ELECTRONICALLY FILED
7/24/2017 11:49 AM
2017-L-007430
PAGE 7 of 7